895 P.2d 226

**Judy GARCIA, Plaintiff–Appellee,**

v.

**Benjamin THONG, Defendant–Appellant.**

No. 21816.

Supreme Court of New Mexico.

April 26, 1995.

B.W. Freyburger, Fort Wingate, for appellant.

*OPINION*

FROST, Justice.

We are required here to interpret a provision of the Uniform Owner–Resident Relations Act, NMSA 1978, §§ 47–8–1 to –51 (Repl.Pamp.1982 & Cum.Supp.1994). The provision relates to the obligations of an owner of a dwelling unit to return a damage deposit to a renter and/or account for it. We reverse the trial court.

Defendant–Appellant, Benjamin Thong (Thong), rented an apartment from Plaintiff–Appellee, Judy Garcia (Garcia). As part of the rental agreement, Thong was required to, and did, pay a damage deposit of $200.00 to Garcia. After Thong terminated his tenancy, Garcia did not refund his damage deposit or provide him with a written statement accounting for the damage deposit. Subsequent to Thong's moving out of the apartment, Garcia filed suit in magistrate court seeking the sum of $1,763.05 for damages to the apartment. Thong denied responsibility for the damages and counter-claimed for the return of his damage deposit. The magistrate court entered judgment for Garcia in the amount of $908.00, and Thong appealed to the district court. The district court entered judgment for Garcia in the amount of $1,315.00.

In both magistrate and district court Thong relied upon the provisions of NMSA 1978, § 47–8–18 (Cum.Supp.1994). That statutory provision authorizes an owner to require that a resident pay a reasonable damage deposit. The pertinent parts of this section provide:

C. Upon termination of the residency, property or money held by the owner as deposits may be applied by the owner to the payment of rent and the amount of damages which the owner has suffered by reason of the resident's noncompliance with the rental agreement or Section 47–8–22 NMSA 1978. No deposit shall be retained to cover normal wear and tear. In the event actual cause exists for retaining any portion of the deposit, the owner shall provide the resident with an itemized written list of the deductions from the deposit and the balance of the deposit, if any, within thirty days of the date of termi-

nation of the rental agreement or resident departure, whichever is later. The owner is deemed to have complied with this section by mailing the statement and any payment required to the last known address of the resident. Nothing in this section shall preclude the owner from retaining portions of the deposit for nonpayment of rent or utilities, repair work or other legitimate damages.

D. If the owner fails to provide the resident with a written statement of deductions from the deposit and the balance shown by the statement to be due, within thirty days of the termination of the tenancy, the owner:

(1) shall forfeit the right to withhold any portion of the deposit;

(2) shall forfeit the right to assert any counterclaim in any action brought to recover that deposit;

(3) shall be liable to the resident for court costs and reasonable attorneys' fees; and

(4) shall forfeit the right to assert an independent action against the resident for damages to the rental property.

*Id.*

Thong argued that since Garcia at no time provided him with an itemized listing of damages which allegedly occurred to the apartment, she had not complied with Section 47–8–18(C), and that under Section 47–8–18(D), she had therefore forfeited any right to withhold any portion of the deposit or to file suit for damages to the property. Garcia argued to the district court that Section 47–8–18(C) was only applicable if the damages claimed to the rental unit were less than the total amount of the deposit. She contended that since her claimed damages were in excess of the amount deposited by Thong, she was not required to provide Thong with a written itemization of all damage deductions. The trial court agreed with this interpretation. It held that Subsections 47–8–18(C) & (D) did not apply and that Garcia was therefore not required to supply the written itemization.

■ The Act provides that its policy is to "simplify, clarify, modernize and revise the law governing the rental of dwelling units and the rights and obligations of owner and resident, and to encourage the owners and the residents to maintain and improve the quality of housing in New Mexico." NMSA 1978, § 47–8–2 (Repl.Pamp.1982). We have previously held that, the Act modified common law and is remedial in nature. Its application must therefore be liberally construed. *T.W.I.W., Inc. v. Rhudy,* 96 N.M. 354, 357, 630 P.2d 753, 756 (1981).

■ In interpreting Section 47–8–18(C) we must initially determine if there is any ambiguity in the wording of the statute. If the statute is unambiguous, we must give it effect according to its clear language. *Storey v. University of N.M. Hosp./BCMC,* 105 N.M. 205, 207, 730 P.2d 1187, 1189 (1986). If the language is clear, we need not engage in further interpretation. We give the wording used in the statute its ordinary meaning and the language of the statute is conclusive. *In re Anthony (Reardon v. Alsup),* 114 N.M. 95, 99, 835 P.2d 811, 815 (1992).

■ We are at a loss to see any basis for Garcia's interpretation in the wording of Section 47–8–18(C). That subsection requires an itemized list of the deductions from the deposit and the balance of the deposit, *if any,* returned within 30 days of the termination of the resident's departure or termination of the rental agreement, whichever is later. *Id.* This provision clearly provides that the owner is to provide the resident with an itemized list of damage deductions and, *if any remains,* the balance of the damage deposit. Whether or not there is a balance to be refunded to the tenant, the owner is required to provide the itemized list of deductions within the 30–day period of time.

■ This interpretation of the statute is consistent with our duty to look at the objectives the legislature sought to accomplish and thereby interpret the statute to achieve these purposes. The specific concern which Subsections 47–8–18(C) & (D) were enacted to address was the unexplained retention of damage deposits by landlords. The trial court's application of the statute is inconsistent with the goal of the statute, which is to require the landlord to give timely explana-

tion of any retention of the deposit, whether in whole or in part. Certainly, the retention of the entire deposit without explanation is no less of a wrong than the retention of only a part of the deposit without explanation. It strikes us that it would be absurd to interpret this section to require a landlord who retains a portion of the deposit to provide a written accounting but allow a landlord who wishes to retain the entire deposit to do so without any explanation. Such a result would be entirely unreasonable. *See Aztec Well Servicing Co. v. Property & Casualty Ins. Guar. Ass'n,* 115 N.M. 475, 479, 853 P.2d 726, 730 (1993) (statutory interpretation must be consistent with legislative intent and must not render the statute application absurd, unreasonable, or unjust). We hold therefore that since Garcia failed to comply with Section 47–8–18(C), she forfeited her right to withhold any portion of the deposit or to file suit for the alleged damages as provided by Section 47–8–18(D). Thong is entitled to a return of his damage deposit.

Thong asked that this Court award him attorney fees incurred with regard to this appeal and attorney fees incurred at the magistrate and district court levels. Section 47–8–18(D)(3) provides that a noncomplying owner "shall be liable to the resident for court costs and reasonable attorneys' fees." The appellate rules promulgated by this Court provide for the recovery of reasonable attorney fees on appeal, if allowed by law. SCRA 1986, 12–403(B)(3) (Cum.Supp.1994). We conclude that under the circumstances presented here, Thong should be awarded attorney fees on appeal. This appeal involved one rather straightforward issue which only necessitated a filing of an appellant's brief in chief since Garcia made no appearance in this Court. The sum of $600.00 is a reasonable attorney fee.

We are further of the view that Thong is entitled to reasonable attorney fees for any representation at the magistrate and trial court levels.

We therefore reverse the trial court's judgment and award Thong $600.00 for attorney fees on appeal. This matter is remanded to the trial court for entry of judgment ordering the return of the damage deposit to Thong and for the trial court to enter an award of reasonable attorney fees to Thong for any legal representation in the magistrate and district courts.

**IT IS SO ORDERED.**

RANSOM and MINZNER, JJ., concur.