918 P.2d 341

**Elmer L. BRUCE, Plaintiff–Appellant,**

v.

**Vaughn ATTAWAY, Defendant–Appellee.**

No. 23106.

Supreme Court of New Mexico.

May 22, 1996.

Ben A. Longwill, Las Cruces, for Appellant.

Kenneth G. Egan & Associates, Kenneth G. Egan, Las Cruces, for Appellee.

*OPINION*

FROST, Chief Justice.

1. Plaintiff–Appellant Elmer Bruce appeals from a judgment of $125.00 in favor of Defendant–Appellee Vaughn Attaway. Bruce contends that Attaway improperly retained his $150.00 security deposit in violation of the Uniform Owner–Resident Relations Act, NMSA 1978, §§ 47–8–1 to –51 (Repl.Pamp.1995) (the Act). We affirm.

**I. FACTS**

2. On September 27, 1993, Bruce entered into an agreement to rent an apartment from Attaway. Before moving in, Bruce paid Attaway one month's rent, totalling $275.00, for the month of October. Bruce also paid a security deposit of $150.00. On October 17, 1993, Bruce vacated the premises without providing thirty-days' notice to Attaway, as required by the Act, § 47–8–37. Attaway

retained Bruce's $150.00 security deposit. Attaway did not send Bruce an itemization of deductions from the security deposit. Attaway does not claim on appeal that Bruce damaged the premises or that Attaway retained the security deposit to pay for repairs necessitated by Bruce's occupancy.

3. Bruce sued Attaway in magistrate court for return of the security deposit. The magistrate court dismissed Bruce's claim. Bruce appealed the dismissal to the district court. After a trial de novo, the district court found in favor of Attaway. The court found that Bruce did not provide thirty-days' notice before moving out and concluded that Bruce owed Attaway $275.00 for November rent. The court offset the $150.00 security deposit and awarded Attaway $125.00, the remainder of the November rent amount.

## II. DISCUSSION

4. In this case we are once again asked to interpret Section 47–8–18 of the Act. The pertinent parts of this section provide:

C. Upon termination of the residency, property or money held by the owner as deposits may be applied by the owner to the payment of rent and the amount of damages which the owner has suffered by reason of the resident's noncompliance with the rental agreement or Section 47–8–22 NMSA 1978. No deposit shall be retained to cover normal wear and tear. In the event actual cause exists for retaining any portion of the deposit, the owner shall provide the resident with an itemized written list of the deductions from the deposit and the balance of the deposit, if any, within thirty days of the date of termination of the rental agreement or resident departure, whichever is later. The owner is deemed to have complied with this section by mailing the statement and any payment required to the last known address of the resident. Nothing in this section shall preclude the owner from retaining portions of the deposit for nonpayment of rent or utilities, repair work or other legitimate damages.

D. If the owner fails to provide the resident with a written statement of deductions from the deposit and the balance

shown by the statement to be due, within thirty days of the termination of the tenancy, the owner:

(1) shall forfeit the right to withhold any portion of the deposit;

(2) shall forfeit the right to assert any counterclaim in any action brought to recover that deposit;

(3) shall be liable to the resident for court costs and reasonable attorneys' fees; and

(4) shall forfeit the right to assert an independent action against the resident for damages to the rental property.

Section 47–8–18.

■ 5. Bruce argues that Attaway forfeited his right to retain the security deposit by failing to send him a written itemization of damages as required by Section 47–8–18(D). For support, Bruce relies on *Garcia v. Thong*, 119 N.M. 704, 895 P.2d 226 (1995), a case in which we recently addressed the proper interpretation of Section 47–8–18.

6. *Garcia* involved a landlord who retained a tenant's security deposit to pay for alleged damages to the property, without providing written itemization of deductions from the deposit. *Id.* at 705, 895 P.2d at 227. We held that, under Section 47–8–18, if a landlord does not provide the former tenant with an itemized listing of damages to the property within thirty days of vacancy, the landlord forfeits any "right to withhold any portion of the deposit or to file suit for the alleged damages" to the property. *Id.* at 707, 895 P.2d at 229.

7. However, this case presents a slightly different question than that in *Garcia*. Here we are not confronted with a landlord retaining some or all of a security deposit to pay for alleged property damage. Instead, Attaway applied the security deposit to a rent payment owed by Bruce when Bruce failed to give proper notice before terminating the rental agreement.

8. Section 47–8–37(B) of the Act governs termination of a monthly rental agreement. This Section provides, "The owner or the resident may terminate a month-to-month residency by a written notice given to the other at least thirty days prior to the periodic rental date specified in the notice." Bruce

concedes that he did not provide notice of his intended termination thirty days prior to October 31, 1993. Accordingly, Bruce was still responsible for paying rent for the month of November in the amount of $275.00. *See T.W.I.W., Inc. v. Rhudy,* 96 N.M. 354, 358, 630 P.2d 753, 757 (1981) (holding that termination notice set for period shorter than thirty days only took effect at the end of rental period following thirty-day interval).

9. Attaway contends that because Bruce did not pay rent for November, Attaway was entitled to apply the security deposit to Bruce's deficient rent payment without sending a written itemization. We agree. As we explained in *Garcia,* the purpose of Section 47–8–18 is to prevent the unexplained retention of security deposits to pay for alleged damages to the property. *Garcia,* 119 N.M. at 706–07, 895 P.2d at 228–29. One problem addressed by this notice and accounting requirement is the fact that after the tenant vacates the property, the landlord has sole control over the premises. If the landlord were allowed to retain the security deposit without providing an itemized accounting of damages to the tenant within thirty days, the landlord would then be in the advantageous position of having the opportunity to make unnecessary repairs or excessive improvements at the tenant's expense. In the process, the landlord could end up removing any evidence of the alleged damage, thereby denying the tenant any effective means of challenging the landlord's assertions of property damage or contesting the reasonableness of the amount withheld. It is for this reason we held in *Garcia* that failure to comply with Section 47–8–18(C) results in forfeiture of any "right to withhold any portion of the deposit or to file suit *for the alleged damages*" to the property. *Id.* at 707, 895 P.2d at 229 (emphasis added).

10. These same considerations do not exist when the landlord applies the security deposit to a deficient rent payment. *See* § 47–8–18(C) (allowing owner to apply deposit to rent payment). Under such circumstances, the amount in controversy is fixed and certain, and neither party is at an unfair advantage in proving whether the rent payment is deficient. Section 47–8–18, therefore, would not mandate an itemized accounting of a deposit applied to a deficient rent payment when the amount of the payment is not at issue.

11. In this case, the real controversy is over whether Bruce in fact owed an additional month's rent for November, even though he vacated the premises in mid-October. Neither Bruce nor Attaway contests the amount of the rent payment to which the security deposit was applied. Furthermore, Attaway does not contend on appeal that he retained the security deposit for specified or unspecified damages to the rental unit. Accordingly, because the amount of the underlying rent payment to which the security deposit was applied was both uncontroverted and incontrovertible, Attaway was not required to provide Bruce with a written itemization of deductions before retaining the deposit under Section 47–8–18. Furthermore, because it is undisputed that Bruce failed to comply with the thirty-day notice requirement of Section 47–8–37(B) upon vacating the rental unit, we affirm the trial court's judgment in favor of Attaway.

12. Finally, although Bruce did not challenge the trial court's authority to award damages to Attaway on appeal, we note that the trial court properly exercised its equitable powers in awarding damages to Attaway. The court awarded Attaway $125.00, the remainder of the November rent owed by Bruce, set off by the retained security deposit, even though Attaway did not file a counterclaim against Bruce for this amount. *Cf. Hilburn v. Brodhead,* 79 N.M. 460, 464, 444 P.2d 971, 975 (1968) ("[A] court of equity has power to meet the problem presented, and to fashion a proper remedy to accomplish a just and proper result...."). Section 47–8–4 specifically provides that principles of equity apply to and supplement the provisions of the Act.

### III. CONCLUSION

13. For the foregoing reasons, we affirm the judgment of the trial court.

14. **IT IS SO ORDERED.**

RANSOM and FRANCHINI, JJ., concur.