1997–NMCA–010

931 P.2d 757

**Senaida ARANDA, as Personal Representative of the Estate of Andrea Aranda Camacho, Plaintiff–Appellant,**

**v.**

**Richard CAMACHO, Defendant–Appellee.**

**No. 17473.**

Court of Appeals of New Mexico.

Jan. 8, 1997.

**4. Death ⚖️31(1, 6)**

Forfeiture provision of criminal code, prohibiting one convicted of felony from benefitting from commission of murder, did not apply to require forfeiture of husband's right as sole statutory beneficiary under Wrongful Death Act, even though husband was convicted of vehicular homicide for death of wife; husband was not convicted of murder, required to trigger criminal code forfeiture

provision. NMSA 1978, §§ 30–2–9, subd. A, 41–2–3.

---

Bruce A. Larsen, Hobbs, for Appellant.

Charles R. Peifer, Browning & Peifer, P.A., Albuquerque, for Appellee.

## OPINION

BUSTAMANTE, Judge.

1. Plaintiff, Senaida Aranda, the mother and personal representative of the estate of Andrea Camacho, filed a wrongful death action against Defendant Richard Camacho alleging that he "negligently and/or intentionally" killed his wife, Andrea. Senaida sought damages on behalf of Andrea's estate. Defendant moved to dismiss the complaint on the basis that he was the sole statutory beneficiary under the Wrongful Death Act, NMSA 1978, Sections 41–2–1 to –4 (Repl. Pamp.1996), and he had not authorized the suit. Further, he argued, he had not been convicted of first or second degree murder in connection with his wife's death and, therefore, under the Criminal Code did not forfeit any right to benefits from the death. Defendant pled "no contest" to a charge of vehicular homicide, a third degree felony, for having run over his wife. The trial court agreed that Senaida could not maintain the suit and dismissed the complaint with prejudice. We affirm.

2. Senaida does not dispute that Defendant is the sole statutory beneficiary of the Wrongful Death Act. *See* § 41–2–3. Nor does she dispute Defendant's contention that because he is the sole statutory beneficiary, no wrongful death claim can be made without his authorization. She argues, however, that Defendant forfeited any right under the Wrongful Death Act because he killed Andrea. Senaida bases this argument on a provision in the Probate Code, which prohibits an individual who feloniously and intentionally kills a person from receiving any benefits with respect to the decedent's estate. NMSA 1978, § 45–2–803(B) (Repl. Pamp.1995). This section is limited, however, to benefits that pass under the Probate Code. There is no question that a claim for wrongful death is not governed by the Pro-

bate Code and that proceeds of such claims do not become part of or pass through the decedent's estate as such. *Varney v. Taylor,* 77 N.M. 28, 34, 419 P.2d 234, 238 (1966); *Stang v. Hertz Corp.,* 81 N.M. 69, 77, 463 P.2d 45, 53 (Ct.App.1969), *aff'd,* 81 N.M. 348, 467 P.2d 14 (1970). There is no suggestion in the language of Section 45–2–803(B) that it applies to any benefits with respect to a decedent other than those belonging to the estate and passing through probate. We believe that the plain language of this forfeiture provision makes it applicable only to matters governed by the Probate Code. *Garcia v. Thong,* 119 N.M. 704, 706, 895 P.2d 226, 228 (1995) (if the language of a statute is clear, we need not engage in further interpretation and will give effect to the clear language). Thus, this forfeiture provision does not apply in this case.

■  3.  The only statutory forfeiture provision that could apply to the Wrongful Death Act is found in the Criminal Code. That provision states that "[t]he acquiring, profiting or anticipating of benefits by reason of the commission of murder where the person committing such crime is convicted of either a capital, first or second degree felony, is against the public policy of this state and is prohibited." NMSA 1978, § 30–2–9(A) (Repl.Pamp.1994). This statute, however, clearly requires a conviction of murder. Here, Defendant was convicted of vehicular homicide, a third degree felony, and, thus, the forfeiture provision does not apply. *See* NMSA 1978, § 66–8–101(C) (Repl. Pamp.1994) (vehicular homicide); *Rose v. Rose,* 79 N.M. 435, 437, 444 P.2d 762, 764 (1968) (holding that legislature had limited the common law rule to require forfeiture only in specified instances.)

4.  There is no provision in New Mexico under which Defendant, as the sole beneficiary under the Wrongful Death Act, forfeited his right as that beneficiary. The complaint was properly dismissed. We affirm.

5.  **IT IS SO ORDERED.**

WECHSLER and ARMIJO, JJ., concur.